Maximino Souffront et al., Plaintiffs and Appellants, *v.* Carmen Georgina Franco Valdés, Defendant and Appellee.

No. 7865. Argued February 2, 1940.—Decided February 7, 1940.

*Pablo Andino* for appellants. *E. H. F. Dottin* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

It is sought in the present action to set aside the fore-closure proceeding instituted by the defendant herein against plaintiff Maximino Souffront and his wife Benigna Muñoz. There are several grounds for nullity alleged by the plain-tiffs, one of them being that the foreclosure proceeding was taken against Souffront and his aforesaid wife, who was already dead, without any demand for payment being served on her minors heirs who are co-plaintiffs herein with their father. It was also alleged that in the initial petition the execution creditor failed to give any undertaking to answer for any damages to the defendants resulting from malicious or negligent statement of the facts, and, lastly, that the plain-tiff included with the amounts claimed an item of $98 for interest after maturity, inasmuch as no interest had been stipulated.

The defendant answered and denied that at the time of the institution of the proceeding defendant Benigna Muñoz was no longer alive and alleged, on the contrary, that as

evidenced by a certificate of the marshal in the record of said proceeding, payment was demanded of her as well as of her husband; she also alleged that in paragraph 7 of the initial petition the mortgagee undertook to answer for any damages that might be inflicted on the defendants or third persons in interest as the result of any malicious or negligent statements of fact; and as to interest after maturity she also alleged that the same had been expressly stipulated and fixed and that it was due at the time of the foreclosure of the mortgage for the period between August, 1932, and October, 1933. The defendant also filed a countercomplaint in the event that the action for nullity should prosper, claiming therein payment of the amount of the mortgage and of other accessory obligations secured thereby.

Although the answer was filed on November 20, 1937, the public trial was had on March 31, 1938, with the appearance only of the defendant and her witnesses, notwithstanding the case having been set for hearing in the regular calendar and that this was known to the attorney for the plaintiffs, as appears from the brief filed by him in this court.

The default of the counterdefendants was entered on February 16, 1938, and upon the plaintiffs failing to appear at the trial, the defendant filed a motion for nonsuit and for a hearing of the evidence regarding the countercomplaint. Judgment was rendered on April 29, 1938, with the following pronouncements: that the plaintiffs be nonsuited; that the countercomplaint be dismissed; and that the plaintiffs be ordered to pay to the defendant $200 as attorney's fees.

 Although the trial was held on March 31 and the judgment was not entered until the 29th of the following April, the plaintiffs, knowing as they did of the holding of the trial, never tried even to invoke the discretion of the court before judgment was entered so that they be heard. On the contrary, after the judgment was entered the plaintiffs waited until the last day of the term for filing their

notice of appeal, and notwithstanding the fact that the record was filed in this court on October 23, 1938, they filed their brief on March 23, 1939, after seven or eight extensions had been granted.

The dilatory tactics exhibited by the plaintiffs from the commencement of this suit up to now can only be explained by what appears from the evidence of the defendant to the effect that two days after possession of the foreclosed property was given to the plaintiff in the foreclosure proceeding, the defendant therein took again possession of it and has been using it without the payment of rent or consideration whatever and without paying the land taxes assessed on the said property.

If the plaintiffs failed to appear at the trial and therefore did not submit any evidence at all, what other judgment could the lower court enter than a judgment of nonsuit, in accordance with the provisions of paragraph 3 of section 192 of the Code of Civil Procedure, 1930 ed.?

Even more, it appears from the evidence submitted by the defendant in support of her countercomplaint that in the initial petition in the foreclosure proceeding the plaintiff therein expressly undertook to compensate the defendants' or third parties in interest for any damages inflicting on them as the result of malice or negligence in stating the facts, nor was it proven that Benigna Muñoz was dead at the time of the institution and prosecution of the foreclosure, or that interest at maturity had been stipulated.

From the foregoing, *the appeal must be dismissed and the judgment appealed from affirmed;* but as the frivolity of this appeal appears from the record, it is the proper thing for us to exercise our discretion and adjudge the appellants to pay a further sum of $100 for defendant's attorney's fees in this court.